FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 MAR -6 PM 2:01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

TROY SLAY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case Nos.: **3:11-cv-887-J-20MCR**
**3:11-cv-886-J-20MCR**
**3:07-cr-54-J-20MCR**
**3:04-cr-374-J-20MCR**

## ORDER

This cause is before this Court on Petitioner's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 5-1, Case No. 3:11-cv-887-J-20MCR; Doc. 5-1, Case No. 3:11-cv-886-J-20MCR); Petitioner's Memoranda in Support (Doc. 8, Case No. 3:11-cv-887-J-20MCR; Doc. 8, Case No. 3:11-cv-886-J-20MCR); and the United States' Motions to Dismiss or, alternatively, Responses in Opposition (Doc. 10, Case No. 3:11-cv-887-J-20MCR; Doc. 9, Case No. 3:11-cv-886-J-20MCR).

### I. Introduction

On September 28, 1998, Petitioner was initially sentenced in the Southern District of Georgia, for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). He received a 48 month term of imprisonment, followed by a supervised release term of 5 years.

On March 16, 2007, while serving supervised release for his prior conviction, Petitioner was named in a single count Information for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). In April 2007, Petitioner waived indictment and entered a

plea of guilty, pursuant to a written plea agreement. The plea agreement contained, among other things, a substantial assistance provision. A § 5K1 motion was, in fact, filed, and at sentencing this Court granted the motion to the extent it departed downward one offense level, ultimately imposing a 78-month term of imprisonment for the underlying offense. Simultaneously, this Court revoked Petitioner's supervised release, and sentenced him to 60 months imprisonment for violation of his supervised release, which was to be served consecutively. Petitioner filed a direct appeal in relation to the 60 month sentence, which was affirmed. Now, Petitioner files the instant motions, pursuant to 28 U.S.C. § 2255.

Petitioner's grounds in support of his § 2255 motions center on this Court's decision not to afford him a "meaningful" substantial assistance sentence reduction. He argues that his counsel "was ineffective at sentencing in failing to (1) object that the Court's conduct at sentencing constituted a *de facto* rejection of the substantial assistance plea agreement, and (2) argue that the Court was required to accept the substantial assistance and reduce the sentence on the basis of the substantial assistance." (Doc. 8 at 1, Case No. 3:11-cv-887-J-20MCR; Doc. 8 at 1, Case No. 3:11-cv-886-J-20MCR).[1]

## II. Discussion

In the plea agreement, Petitioner "expressly waive[d] the right to appeal [his] sentence or to challenge it collaterally on any ground, . . . except" for certain delineated exceptions. (Doc. 7 at 9; Case No. 3:07-cr-54-J-20MCR). Additionally, at the change of plea hearing, the Magistrate Judge specifically questioned Petitioner concerning the waiver. (Doc. 44 at 21-22; Case No.

---

[1] Petitioner abandoned his alternative arguments. (Doc. 8 at 1 n.1, Case No. 3:11-cv-887-J-20MCR; Doc. 8 at 1 n.1, Case No. 3:11-cv-886-J-20MCR).

3:07-cr-54-J-20MCR). The United States argues that Petitioner's claims are precluded by his knowing and voluntary waiver of his right to attack his sentence. (Doc. 10 at 2, Case No. 3:11-cv-887-J-20MCR; Doc. 9 at 2, Case No. 3:11-cv-886-J-20MCR). It asserts that the waiver forecloses Petitioner's complaints regarding his counsel's performance as it affected sentencing, even under the guise of ineffective assistance of counsel. (Doc. 10 at 4, Case No. 3:11-cv-887-J-20MCR; Doc. 9 at 4, Case No. 3:11-cv-886-J-20MCR).

A valid sentence-appeal waiver includes the waiver of the right to challenge the sentence in a § 2255 proceeding. Otherwise, the waiver would be effectively pointless since a defendant would be able to couch his appeal as a § 2255 proceeding. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (citing *United States v. White*, 307 F. 3d 336, 341-44 (5th Cir. 2002)). A sentence-appeal waiver waives only the right to appeal sentencing issues and must be made knowingly and voluntarily to be effective. *See Cowart v. United States*, 139 F. App'x 206, 207 (11th Cir. 2005) (per curiam) (citing *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004)). Consequently, a valid appeal waiver may not preclude claims brought pursuant to § 2255 that challenge the validity of the defendant's plea or the appeal waiver based on ineffective assistance of counsel. *See Patel v. United States*, 252 F. App'x 970, 974 (11th Cir. 2007) (per curiam).

Petitioner fails to address the applicability of his waiver. Moreover, while he makes unsupported reference to this Court's "*de facto* policy" of rejecting specific types of substantial assistance sentence reductions, Petitioner's asserted grounds for relief focus solely on counsel's conduct at sentencing. (Doc. 8 at 1, Case No. 3:11-cv-887-J-20MCR; Doc. 8 at 1, Case No. 3:11-cv-886-J-20MCR). Accordingly, the challenge made by the Petitioner is, in essence, the

same as a challenge to his sentence and is barred by the waiver. *See Angarita v. United States*, Nos. 09-20015-CIV, 07-20669-CR, 2010 WL 2872821, at *13 (S.D. Fla. May 24, 2010).

Assuming, *arguendo*, that Petitioner's motion is viewed as a challenge to the validity of his plea or the appeal waiver based on ineffective assistance of counsel, his claims still lack merit.

A petitioner may prevail under ineffective assistance of counsel if "'(1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result of that deficient performance.'" *Moultrie v. Unites States*, 380 F. App'x. 885, 887 (11th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)); *Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008). An ineffective assistance of counsel claim may be dismissed if a defendant made an insufficient showing on either prong of the analysis. *Strickland*, 466 U.S. at 687. To be successful, the defendant must overcome a "strong presumption" that counsel was reasonable and "made all decisions in the exercise of reasonable professional judgment." *Id.* at 689-90.

In the instant motions, Petitioner claims that this Court's "refusal to recognize [his] substantial assistance because of a policy against allowing substantial assistance four double dippers constituted an abuse of discretion on the court's part and was tantamount to bad faith in the legal sense." (Doc. 8 at 6, Case No. 3:11-cv-887-J-20MCR; Doc. 8 at 6, Case No. 3:11-cv-886-J-20MCR). He asserts that his "counsel was ineffective for not arguing that the Court, having accepted his plea agreement, was obligated to enforce it in good faith." (Doc. 8 at 9, Case No. 3:11-cv-887-J-20MCR; Doc. 8 at 9, Case No. 3:11-cv-886-J-20MCR).

4

This Court finds Petitioner's argument unpersuasive. As an initial matter, Petitioner cannot establish that his counsel's performance was deficient. Petitioner claims that counsel should have made a formal objection to the Court's *de facto* policy of not granting substantial assistance reductions to "double dippers" and argued that the Court was required to accept the substantial assistance and reduce the sentence. Yet, Petitioner fails to provide any support for the allegation that this Court has such a policy. Moreover, trial counsel, throughout sentencing, attempted to convince the Court to recognize the cooperation plea agreement and details regarding Petitioner's assistance and, in fact, obtained a one-level reduction in his sentence.

In addition, Defendant is not able to show that he suffered prejudice as a result of his counsel's failure to object. The plea agreement expressly states "the Court is neither a party to nor bound by th[e] agreement" and that "the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, . . . cooperation." (Doc. 7 at 5, 8, Case No. 3:07-cr-54-J-20MCR). Further, the law is clear that it is within the district court's "discretion under § 5K1.1 to decide (1) whether to depart from the guidelines based on substantial assistance, and (2) if so, the reasonable extent of that departure . . . ." *U.S. v. McVay*, 447 F.3d 1348, 1355 (11th Cir. 2006). "The commentary to § 5K1.1 recognizes that the 'nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis,' and, thus, accords latitude to the sentencing judge to reduce a sentence based on 'variable relevant factors.'" *Id.* at 1354 (quoting U.S.S.G. § 5K1.1 comment. (backg'd)). However, "when, on the Government's motion, a district court grants a downward departure under U.S.S.G. § 5K1.1 or reduces a sentence under Rule 35(b), the sentence reduction may be based only on factors related

5

to the defendant's substantial assistance." *Id.* at 1355 (internal quotation marks, bracketing, and emphasis omitted).

As the government notes in its opposition, and the Eleventh Circuit summarized on appeal, this Court's decision to grant a lesser departure was premised on the intent "to 'punish Slay for having manipulated and deceived the prosecutor and the district court' and for having 'associate[d] with known felons ostensibly to assist law enforcement and then used those contacts to distribute cocaine.'" (Doc. 10 at 6, Case No. 3:11-cv-887-J-20MCR; Doc. 9 at 6, Case No. 3:11-cv-886-J-20MCR). Defendant is unable to show that had counsel objected, this Court would have reached a different result.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The United States' Motions to Dismiss (Doc. 10, Case No. 3:11-cv-887-J-20MCR; Doc. 9, Case No. 3:11-cv-886-J-20MCR) are **GRANTED** as discussed above;

2. Petitioner's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 5-1, Case No. 3:11-cv-887-J-20MCR; Doc. 5-1, Case No. 3:11-cv-886-J-20MCR) are **DENIED**; and

3. The Clerk is directed to terminate all pending motions and **CLOSE** the file.

**DONE AND ENTERED** in Jacksonville, Florida, this ____ day of March, 2012.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

William Mallory Kent, Esq.
Julie Hackenberry Savell, AUSA